TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Jacquelyn Ayala*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacquelyn Ayala, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC, a Delaware limited liability company; Equifax Information Services, LLC, a Georgia corporation; Experian Information Solutions, Inc., an Ohio corporation; and Digital Federal Credit Union, a foreign corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

NOW COMES THE PLAINTIFF, JACQUELYN AYALA, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Tempe, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC, ("Trans Union"),  which is an Delaware company that maintains a registered agent in Maricopa County, Arizona;

   c. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona; and

2

d.  Digital Federal Credit Union ("Digital"), which, upon information and belief, maintains its offices in the state of Massachusetts.

## **GENERAL ALLEGATIONS**

6.  Digital has misreported its trade line with account number 3001**** ("Errant Trade Line) on Plaintiff's Experian, Trans Union, and Equifax credit files as an open account.  This is false because the account is closed.  Ms. Ayala paid off the credit card, which is the subject of the Errant Trade Line, in full and there is no balance owed.  She previously spoke with a representative from Digital who informed her that the account was closed.

7.  On or about June 7, 2015, Ms. Ayala obtained her credit files and noticed the Errant Trade Line was being reported as "open" on her Equifax, Experian, and Trans Union ("Credit Reporting Agencies" or "CRAs") credit files.

8.  On or about June 10, 2015, Ms. Ayala submitted a letter to the CRAs, disputing the "open" status on the Errant Trade Line.

9.  Upon information and belief, Defendants Trans Union, Experian, and Equifax forwarded Ms. Ayala's dispute to Defendant Digital.

10. On or about June 22, 2015, Ms. Ayala received Experian's investigation results, which showed that Digital retained the status of "open" on the Errant Trade Line.

11. On or about August 16, 2015, Ms. Ayala obtained her Equifax and Trans Union credit files, which also revealed that Digital retained the "open" status on its Errant Trade Line.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DIGITAL

12. Plaintiff re-alleges the above paragraphs as if recited verbatim.

13. After being informed by the CRAs of Ms. Ayala's consumer dispute regarding the Errant Trade Line, Digital negligently failed to conduct a proper investigation of Ms. Ayala's disputes as required by 15 USC 1681s-2(b).

14. Digital negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its investigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct the CRAs to remove the "open" status on the Errant Trade Line.

15. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Ayala's consumer credit file with Trans Union, Experian, and Equifax to which it is reporting such trade line.

16. As a direct and proximate cause of Digital's negligent failure to perform its duties under the FCRA, Ms. Ayala has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

4

17. Digital is liable to Ms. Ayala by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

18. Ms. Ayala has a private right of action to assert claims against Digital arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Digital for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DIGITAL

19. Plaintiff re-alleges the above paragraphs as if recited verbatim.

20. After being informed by the CRAs that Ms. Ayala disputed the accuracy of the information it was providing, Digital willfully failed to conduct a proper investigation of Ms. Ayala's dispute.

21. Digital willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

22. As a direct and proximate cause of Digital's willful failure to perform its respective duties under the FCRA, Ms. Ayala has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Digital is liable to Ms. Ayala for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Digital for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT III</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

24. Plaintiff re-alleges the above paragraphs as if recited verbatim.

25. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Ayala as that term is defined in 15 USC 1681a.

26. Such reports contained information about Ms. Ayala that was false, misleading, and inaccurate.

6

27. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Ayala, in violation of 15 USC 1681e(b).

28. After receiving Ms. Ayala's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

29. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Ayala has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

30. Trans Union is liable to Ms. Ayala by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

31. Plaintiff re-alleges the above paragraphs as if recited verbatim.

32. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Ayala as that term is defined in 15 USC 1681a.

33. Such reports contained information about Ms. Ayala that was false, misleading, and inaccurate.

34. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Ayala, in violation of 15 USC 1681e(b).

35. After receiving Ms. Ayala's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Ayala has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Trans Union is liable to Ms. Ayala by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

1.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

38. Plaintiff re-alleges the above paragraphs as if recited verbatim.

39. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Ayala as that term is defined in 15 USC 1681a.

40. Such reports contained information about Ms. Ayala that was false, misleading, and inaccurate.

41. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Ayala, in violation of 15 USC 1681e(b).

42. After receiving Ms. Ayala's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

9

43. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Ayala has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Equifax is liable to Ms. Ayala by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT VI</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

45. Plaintiff re-alleges the above paragraphs as if recited verbatim.

46. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Ayala as that term is defined in 15 USC 1681a.

47. Such reports contained information about Ms. Ayala that was false, misleading, and inaccurate.

48. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Ayala, in violation of 15 USC 1681e(b).

10

49. After receiving Ms. Ayala's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Ayala has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Equifax is liable to Ms. Ayala by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

52. Plaintiff re-alleges the above paragraphs as if recited verbatim.

53. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Ayala as that term is defined in 15 USC 1681a.

11

54. Such reports contained information about Ms. Ayala that was false, misleading, and inaccurate.

55. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Ayala, in violation of 15 USC 1681e(b).

56. After receiving Ms. Ayala's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Ayala has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

58. Experian is liable to Ms. Ayala by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT VIII</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

59. Plaintiff re-alleges the above paragraphs as if recited verbatim.

12

60. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Ayala as that term is defined in 15 USC 1681a.

61. Such reports contained information about Ms. Ayala that was false, misleading, and inaccurate.

62. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Ayala, in violation of 15 USC 1681e(b).

63. After receiving Ms. Ayala's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

64. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Ayala has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

65. Experian is liable to Ms. Ayala by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

1
2
3
4

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

5
6
7

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by Jury.

8
9
10
11
12
13

DATED:  August 19, 2015                KENT LAW OFFICES

                                                          By:_____/s/_ _Trinette G. Kent_____
                                                          Trinette G. Kent
                                                          Attorneys for Plaintiff,
                                                          Jacquelyn Ayala

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28